JACINTO ALFONSO GARCÍA, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, MANUEL A. MOREDA, JUDGE, Respondent; CÁMARA INSULAR DE COMERCIANTES MAYORISTAS, Intervener.

No. C-63-5.    Decided October 1, 1963.

A. *Cadilla Ginorio* and *Roberto Martínez Rodríguez* for petitioner. *Rodríguez Ema & Rodríguez Ramón, R. Zequeira,* and *Nicolás Jiménez* for intervener.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

Mr. Justice Ramírez Bages delivered the opinion of the Court.

Cámara Insular de Comerciantes Mayoristas, intervener herein, filed an action against petitioner Jacinto Alfonso García to collect the sum of $9,864.33, obtained a default judgment, and to secure the judgment obtained, attached a dwelling of the petitioner which he had built on another's land with permission of the owner thereof. At the public sale of the dwelling, the petitioner appeared by motion and affidavit addressed to the marshal of the trial court claiming homestead on the property. The intervener deposited with the marshal the sum of $1,500 amount of the right thus claimed. The property was adjudged to the intervener for the sum of $1,000. Subsequently the petitioner filed the corresponding motion in support of his request that it be declared that he had his homestead in the dwelling in question and to order the marshal or the secretary to give him the $1,500 deposited in court by the intervener. The intervener filed opposition to said motion on the sole ground that since the house was situated on another's land, no homestead right existed in favor of its owner.

The trial court relying on the decision in *Méndez* v. *Valentín,* 55 P.R.R. 145 (1939) and *Cristy* v. *Malavé,* 70 P.R.R. 497 (1949), concluded that the petitioner could not allege the homestead against the owner of the land where he built his dwelling, and that, by the same token he cannot oppose a right which he does not have against the intervener who is his attaching creditor.

Feeling aggrieved the petitioner appealed and alleges that the trial court committed error in maintaining that

the petitioner has no homestead in said dwelling and that such decision is contrary to law and to the facts alleged and admitted.

The act which provides for the homestead right—Act No. 87 May 13, 1936, as amended on February 11, 1955—provides insofar as pertinent the following:

"Every person who is head of a family shall be entitled to possess and enjoy as a homestead a property of not over one thousand five hundred (1,500) dollars in value, consisting of a parcel of land and the buildings thereon, in any farm, plantation or parcel of land owned, or lawfully possessed, . . ." 31 L.P.R.A. § 1851.

"Said homestead and all right and title therein shall be exempt from attachment, judgment, levy or execution, except for amounts due on its acquisition or purchase, or liability incurred for improvements made thereto." 31 L.P.R.A. § 1852.

"No sale shall be made, under a judgment or execution, of any urban or rural property when the same is claimed or occupied as a homestead, whether registered or not in the registry of property, unless a sum greater than one thousand five hundred (1,500) dollars is obtained therefor." 31 L.P.R.A. § 1855.

█ A reading of the foregoing provisions reveals that the homestead right may be established on a dwelling when the parcel of land where it is located *is lawfully possessed.* What is meant by the phrase "lawfully possessed"? Does it mean, as alleged by the intervener, civil possession, as the latter is defined by the Civil Code (31 L.P.R.A. § 1421), excluding, consequently, the state of natural possession, as in the case of leases, usufruct, occupancy at sufferance or by license or tolerance, so that only the person who builds a house on his own land or which he holds with the intention of making it his own, may enjoy the homestead right to such house? In support of its restrictive contention, the intervener argues (a) that according to the Civil Code acts merely tolerated do not affect the possession neither do those executed by virtue of license or mere tolerance. 31 L.P.R.A.

§§ 1447 and 5263, and (b) if in *Cristy* v. *Malavé, supra,* and *Pagán* v. *Quiñones,* 55 P.R.R. 917 (1940), we denied the homestead right to the builder of a house on leased land, in this case where the person occupies the land by virtue of license from its owner, such right should be denied with a greater reason, because in none of these the owner of the house enjoyed the civil possession of the land and therefore was not in the *lawful possession* thereof.

■ There is no doubt that the person who builds his dwelling on another's land with his permission, as in the case at bar, may never allege homestead right against the owner of the land. When revoking the license or permission to occupy the land with the house, the owner of the land has the right of accession and by virtue thereof he may exercise his option to make the improvement his own by reimbursing the cost of the materials used in the construction as well as the labor cost. *Ramos* v. *People,* 70 P.R.R. 588 (1949), *Rivera* v. *Santiago,* 56 P.R.R. 361 (1940), or to compel the owner of the house to pay him the price of the land.

In *Pagán, supra,* we denied the homestead right invoked by the builder of a house on leased land against the lessor who had already obtained judgment of unlawful detainer which became final against said builder for nonpayment of the lease rentals of the land. We said in this case that "As the contract was terminated by virtue of a final judgment in unlawful detainer, Section 1451 of the Civil Code . . . binds the lessee to return the lot leased to the lessors in the same condition as he received it." *Cristy, supra,* merely reaffirms the ruling in *Pagán,* that no homestead right exists in a house built on lease land *against the owner of the land.*

■ But the fact that in such case the homestead right is not recognized against the owner of the land does not mean that it may not necessarily be invoked against a third

person who is an attaching creditor of the owner of the house. Pursuant to the previous homestead act, we stated in *Miró* v. *F. Carrera & Hno.*, 42 P.R.R. 172 (1931), that the homestead right may be invoked by the builder of a house upon leased land against a creditor who pretended to attach the dwelling. Although it is true that when the act in question was amended in 1936, the phrase "by lease or otherwise," was omitted, it is no less true that for the purposes of an attaching creditor of the owner of the house, the latter lawfully occupies the land, either by lease, as in *Miró, supra*, or by license or permission in force as in the case we are considering and such occupation necessarily falls within the *lawful possession* which the statute in question contemplates and within the liberal interpretation we should give to it. *García* v. *Pérez*, 46 P.R.R. 30 (1934). Therefore, we conclude that in cases such as this, where it has been established that the other requirements to maintain the homestead right were met, that right may be invoked against the attaching creditor of the house who built it on leased land with permission or license of the owner of said land.

The order of the trial court of December 26, 1962 will be reversed and instead the delivery to petitioner of $1,500 deposited in said court by the intervener will be ordered.